
RECEIVED
IN LAKE CHARLES, LA
NOV 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 6:16 -CR-00140 |
|---|---|---|
| | * | |
| v. | * | |
| | * | JUDGE MINALDI |
| DERWIN WILLIAMS (01) | * | |
| ANTONIO BOYD (03) | * | |
| DAMIEN ALEXANDER (07) | * | MAGISTRATE JUDGE WHITEHURST |
| JAVEUIN AMES (08) | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Presently before the court are the defendants' Derwin S. Williams (Rec. Doc. 168), Antonio Boyd (Rec. Doc. 161), Javeuin Ames,[1] and Damien Alexander (Rec. Doc. 162) Motions for a *James* Hearing, the government's omnibus Response in Opposition (Rec. Doc. 186), and replies filed by Damien Alexander (Rec. Doc. 200) and Antonio Boyd (Rec. Doc. 199). The defendants request that the court order the government to disclose, prior to the *James* hearing the personal and coconspirator statements that will be sought to be admitted at trial, and that the court set a pre-trial *James* hearing to determine the admissibility of those statements.

Under *United States v. James*, "a declaration by one defendant is admissible against other defendants only when there is a 'sufficient showing, by independent evidence, of a conspiracy among one or more other defendants and the declarant and if the declarations at issue were in furtherance of that conspiracy.'" 590 F.2d 575, 581 (5th Cir. 1979) (citing *United States v. Nixon*, 418 U.S. 683, 701 (1974). A *James* hearing is used to determine whether independent evidence establishes these prerequisites for admitting the statement under Federal Rule of Evidence 801(d)(2)(E). Generally such a hearing should be conducted before the statements are presented to the jury. *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir. 1994).

---

[1] Ames has adopted the motions of the other defendants (Rec. Doc. 185).

In the case before the court, no trial date has been set and the government has not indicated which, if any, statements of alleged coconspirators it intends to introduce as evidence against the defendants. The production of any statements shall be made pursuant to 18 U.S.C. § 3500. Holding a *James* hearing now at such a preliminary stage would not be in the interest of judicial economy. Accordingly, the court declines to set a pre-trial *James* hearing and declines to set a time when the government must disclose which statements it intends to offer against the defendants. Accordingly,

**IT IS ORDERED** that the defendants' motions (Rec. Docs. 161, 162, 168) are **DENIED** at this time but may be re-urged closer to trial.

Lake Charles, Louisiana, this 9 day of Nov, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2