RECEIVED
IN LAKE CHARLES, LA.

DEC 13 2016

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 6:16 -CR-00140 |
| | * | |
| v. | * | |
| | * | JUDGE MINALDI |
| ANTONIO BOYD (03) | * | |
| JAVEUIN AMES (08) | * | |
| | * | MAGISTRATE JUDGE WHITEHURST |
| | * | |
| | * | |

*********************************************************************

## MEMORANDUM RULING

Presently before the court are the defendants' Antonio Boyd (Rec. Doc. 158) and Javeuin Ames[1] Motion for Disclosure Pursuant to Federal Rules of Criminal Procedure 12(b)(4)(B), the government's Response in Opposition (Rec. Doc. 190), and a Reply filed by the defendant (Rec. Doc. 197). The defendants argue that Rule 12 and Rule 16 work together, so that the government is required to specify exactly which documents it will introduce at trial against this particular defendant. In this case, the government provided the defendant with approximately 4,900 pages of discovery documents in addition to telephone calls from wire taps. The documentary evidence was all bate stamped and indexed for the defendant.

Under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant must move to suppress evidence before trial. Under Rule 16 of the Federal Rules of Criminal Procedure, the government is required to disclose certain evidence to the defendant, including, upon the defendant's request, documents and object in the government's control that are "material to preparing the defense; [that] the government intends to use…in its case-in-chief at trial; or [that are] obtained from or belong[] to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Neither the parties nor the court could find any case law to support the defendant's argument—

---

[1] Ames has adopted the motions of the other defendants (Rec. Doc. 185).

1

that in cases where the government makes a large number of documents available, it must specify which documents it *will* introduce at trial. Therefore, the government has complied with its Rule 16 duty to disclose documentary evidence, and it has also indexed the evidence to allow the defendant to navigate through it with more ease. The defendant has been given the evidence to which he is entitled, and he has adequate information to move for the suppression of any evidence to which he has been provided.

**IT IS ORDERED** that the defendant's motion (Rec. Docs. 158) is **DENIED**.

Lake Charles, Louisiana, this 5 day of Dec , 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 6:16-CR-00140 |
| v. | * | JUDGE MINALDI |
| ANTONIO BOYD (03) <br> JAVEUIN AMES (08) | * | MAGISTRATE JUDGE WHITEHURST |

************************************************************************

## JUDGMENT

In accordance with the corresponding Memorandum Ruling, and the reasons set forth therein,

**IT IS ORDERED** that the defendant's motion (Rec. Docs. 158) is **DENIED**.

Lake Charles, Louisiana, this 5 day of Dec, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3