# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-140-3 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANTONIO BOYD | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Antonio Boyd ("Boyd"). See Record Document 479. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Boyd. The Government opposes Boyd's motion. See Record Document 484. Based on the following, the motion for release is **DENIED**.

Boyd was charged in six counts of a thirteen-count indictment along with eight co-defendants with conspiracy to distribute and possession with intent to distribute controlled substances, four counts of unlawful use of a communication facility, and possession with intent to distribute 50 grams or more of methamphetamine. See Record Document 1. Boyd eventually pled guilty to one count of conspiracy to distribute and possession with intent to distribute controlled substances. On January 29, 2018, Boyd was sentenced by this Court to the statutory minimum term of 120 months of imprisonment. Boyd is currently housed at the Federal Correctional Institution Oakdale I ("FCI Oakdale I") and he has a projected release date of May 2026.

Boyd filed a motion seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his diabetes, obesity, hypertension, asthma and sleep apnea make him particularly susceptible to becoming seriously ill if he contracted COVID-19. See Record Document 479. The Government concedes that Boyd has exhausted his administrative remedies by filing a request through the Bureau of Prisons ("BOP") and the request was denied. See Record Document 484 at 4; see

also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Boyd's motion fails on the merits. See Record Document 484. In a supplemental brief, the Government also contends that Boyd has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). See Record Document 490 at 1-2. Although Boyd asserts that he is entitled to compassionate release based on his conditions of diabetes[1], obesity[2], hypertension[3], asthma, and sleep apnea, his medical records reveal that he has received both doses of the COVID-19 vaccine. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Boyd's release. See Record Document 484.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed,"

---

[1] Boyd has alleged that he has diabetes, which is a confirmed COVID-19 risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Type 2 diabetes mellitus" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[2] Obesity is a COVID-19 confirmed risk factor recognized by the CDC ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30Kg/m or higher but < 40kg/m)"). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[3] The CDC lists hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[4] However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under

---

[4] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 197,973 doses of the vaccine. See www.bop.gov/coronavirus (last updated 6/30/21). In fact, medical records reveal that Boyd received both doses of the Pfizer COVID-19 vaccine as of March 31, 2021. See Record Document 491. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Boyd, have been vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). In light of this, Boyd has failed to establish that extraordinary and compelling reasons exist to release him from prison.

The Court has also looked at the presence of COVID-19 at FCI Oakdale I. There are zero inmates and five staff members who are currently testing positive out of 888 total inmates.[5] http://www.bop.gov/coronavirus (last updated 6/30/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive

---

[5] Seven inmates have died from the virus. No staff died from the virus. However, there are 208 inmates and 46 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/30/21).

and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)). Boyd has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Boyd has not shown that the BOP is currently unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[6] Considering that Boyd has received a COVID vaccination and the low number of cases at FCI Oakdale I, he has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Boyd has not met his burden.

Even assuming that Boyd had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense,

---

[6] In the alternative, Boyd also requested release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Boyd has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Boyd was sentenced in this Court for conspiracy to distribute and possession with intent to distribute controlled substances. Boyd was the leader in a drug trafficking organization and made trips to California to purchase, ship and distribute large quantities of methamphetamine in the Western District of Louisiana for over five years. In addition, Boyd has a prior felony conviction for possession of codeine and possession with intent to distribute marijuana (which originated as charges for possession with intent to distribute marijuana, possession of Schedule III (Hydrocodone), possession of Schedule III (Anabolic Steroids), possession of Schedule IV (Liquid Codeine), aggravated cruelty to animals, simple cruelty to animals, and dogfighting). Furthermore, Boyd was on probation at the time he committed the instant offense. Boyd also admitted that he received a disciplinary infraction for possession of a hazardous tool (a cell phone). He has served far less than half of his current sentence. In light of these, and other facts, to reduce Boyd's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Boyd's sentence.

The Court shares Boyd's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the

standards issued by the CDC for persons at heightened risk. The BOP currently has 7,158 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 27,545. https://www.bop.gov/coronavirus/ (last updated 6/30/2021).

For the foregoing reasons, **IT IS ORDERED** that Boyd's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 2nd day of July, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE